**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FLORENCE WANDJI MEDJOFIN FOTIE,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, *et al.*,<br>Respondents. | Case No. 5:26-cv-02143-DMK<br>**MEMORANDUM AND ORDER DENYING PETITION** |

## I. Factual Background

Petitioner Florence Wandji Medjofin Fotie is a native of Cameroon who has resided in the United States since October 18, 2015. ECF 6 at ¶ 2. On October10, 2025, Petitioner was detained by immigration authorities while she was attending an asylum interview; she has remained detained since that time. *Id.* at ¶ 3.

On November 19, 2025, Petitioner was given an initial bond hearing, at which bond was denied based on danger to the community and flight risk, in light of allegations in the Form I-213 stating that Petitioner had been linked to a transnational criminal organization involved in financial fraud, elder abuse, money laundering and identity theft. *Id.* at ¶¶ 5-6. Petitioner later received a custody redetermination hearing pursuant to *Rodriguez v. Robbins*, 804 F.3d 1060, 1066 (9th

Cir. 2015), on April 15, 2026, wherein she was denied bond again for the same reasons. *Id.* Petitioner appealed the initial bond decision, but did not file an appeal of the second bond decision. *Id.* at ¶ 29.

On April 27, 2026, Petitioner filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, alleging three violations of the Administrative Procedure Act. ECF 1. On April 28, 2026, Petitioner filed a First Amended Petition, which adds exhibits that were referenced in, but not appended to, the original Petition. ECF 6. On August 10, 2026, Petitioner filed a Second Amended Petition, adding an additional claim that the Immigration Judge ("IJ") erroneously failed to apply the clear and convincing evidence standard.[1] ECF 23.

In each of these Petitions (collectively referred to herein as the "Petition"), Petitioner claims her continued detention violates the Administrative Procedure Act because the IJ's findings were contrary to *Matter of Patel* and *In re Guerra*, and were thus erroneous. Petitioner also claims the IJ abused his discretion in failing to set a reasonable bond amount, rather than finding that continued detention was appropriate. In particular, Petitioner contends that the allegations in an unsubstantiated Form I-213 should not be sufficient to satisfy the government's burden where Petitioner entered the United States on a valid B-2 visitor's visa, has resided in the United States for more than 10 years, has no criminal history or immigration violations, has remained employed, and is eligible for relief from removal. *Id.* at ¶¶ 7-11, 22, 27.

On May 4, 2026, Respondents filed an Answer, contending that the Petition should be denied because Petitioner has already had two bond hearings, and the IJ's

[1] Petitioner did not request either Respondents' consent or leave of the Court before filing the Second Amended Petition. As such, the Second Amended Petition was improperly filed. *See* Fed. R. Civ. P. 15(a)(2) ("a party may amend its pleading only with the opposing party's written consent or the court's leave"). Nevertheless, because the Court must "freely give leave [to amend] when justice so requires," and this new claim is based on the same legal theory as the other existing claims, the Court has considered the additional claim contained therein.

decision in one of those hearings is already on appeal. ECF 8. As such, Respondents contend, Petitioner has failed to exhaust her administrative remedies, and this Court has no jurisdiction to hear her claims.

On May 7, 2026, Petitioner filed a Traverse, asserting that exhaustion should be waived because any administrative remedies would be inadequate, and exhaustion would be futile. ECF 9 at 5. Petitioner also repeated her position therein that "[t]he Immigration Judge's flight risk and dangerousness determinations were erroneous because they rested solely on unsubstantiated allegations contained in a Form I-213." *Id.* at 9.

On June 10, 2026, the Court heard oral argument from parties, and asked for supplementation of the record.

On July 9, 2026, Petitioner's counsel provided the Court with the audio recording of the April 15, 2026, *Rodriguez* hearing. ECF 18.

On July 24, 2026, Petitioner's counsel filed copies of bond hearing orders from November 19, 2025, December 18, 2025, and April 15, 2026. ECF 22.

Petitioner also filed an ex parte application for temporary restraining order on August 10, 2026, alleging that her continued confinement is unreasonable and violates due process.

Having heard oral argument from both parties and having considered the briefs and exhibits filed to date, the Court finds that this matter is ready for decision.

## II. Analysis

### A. The Court has jurisdiction to hear Petitioner's claims that the IJ abused his discretion in denying bond

As an initial matter, the Court disagrees with Respondents' contention that "Petitioner may not challenge the bond decisions of the Immigration Court" and that this Court has no jurisdiction to hear her claims.

The Supreme Court has clarified the boundaries of judicial review in the immigration context by explaining that "[t]he application of a statutory legal

standard . . . to an established set of facts is a quintessential mixed question of law and fact" and is reviewable. *Wilkinson v. Garland*, 601 U.S. 209, 212, 144 S. Ct. 780, 218 L. Ed. 2d 140 (2024). Following *Wilkinson*, the Ninth Circuit has held that an Immigration Judge's determination that a detainee poses a danger to the community or a flight risk is a mixed question of law and fact that may be reviewed for an abuse of discretion. *See Martinez v. Clark*, 124 F.4th 775, 783 (9th Cir. 2024) ("*Wilkinson* compels the conclusion that application of the 'dangerousness' standard is a reviewable mixed question."); *see also C.A.R.V. v. Wofford*, No. 1:25-cv-1395-JLT-SKO, 2026 WL 241823, at *3 (E.D. Cal. Jan. 29, 2026) ("In constitutional challenges to an IJ's detention determination, a habeas court generally reviews mixed questions of fact and law under an 'abuse of discretion' standard.").

Thus, while the Court "cannot reweigh evidence," it may nevertheless determine whether the Immigration Judge "applied the correct legal standard" in denying bond. *Martinez*, 124 F.4th at 785 (internal quotation marks omitted). In doing so, the Court may review "whether the IJ's decision reflects clear legal error or is unsupported by sufficient evidence." *C.A.R.V.*, 2026 WL 241823, at *3 (internal quotation marks omitted); *accord Kumar v. Noem*, No. 1:26-cv-1148-DJC-AC, 2026 WL 983129, at *2 (E.D. Cal. Apr. 13, 2026); *Hilario Pankim v. Barr*, No. 20-cv-2941-JSC, 2020 WL 2542022, at *8 (N.D. Cal. May 19, 2020).

### B. The IJ did not abuse his discretion in denying bond at the initial bond hearing on November 19, 2025

When assessing whether an alien "is a danger to the community or a risk of flight," an immigration judge may consider the following factors:

1) whether the alien has a fixed address in the United States;
2) the alien's length of residence in the United States;
3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future;
4) the alien's employment history;

5) the alien's record of appearance in court;

6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses;

7) the alien's history of immigration violations;

8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and

9) the alien's manner of entry to the United States.

*See Martinez v. Clark*, 124 F.4th at 783 (*quoting In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006)). An immigration judge has "broad discretion to weigh the listed factors and add any factors not mentioned or discount those that are less probative." *Id.* at 784.

Here, the Bond Memorandum and Order for the November 19, 2025, bond hearing shows that the IJ "considered both the positive and negative equities in [Petitioner]'s case." ECF 6-2 at 6. First, the IJ noted that "the Department argued that the Form I-213 stated [that Petitioner] has been linked to a transnational criminal organization involved in financial fraud, elder abuse, money laundering and identity theft." *Id.* at 4. And although "there are no formal charges presented against the [Petitioner], the investigation remains ongoing." *Id.* The IJ also noted that Petitioner claimed she "has significant ties to the community, is employed as a nurse, and has a sponsor . . . she has no criminal convictions . . . [and] objected to the inclusion of Form I-213 into the record, arguing that its contents were purely speculative." *Id.* at 1-2.

In concluding that bond should be denied, the IJ gave considerable weight to the allegations in the I-213:

> The positive equities are Respondent's employment and presence in the United States since 2015. The negative equities consist of the Respondent's involvement with a transnational criminal organization involved in serious criminal activity. Given the DHS' linking the Respondent's to this serious criminal activity, and the seriousness of

> the offenses, the Court found that the Respondent is a danger to the community and a risk of flight.

*Id.* at 3.

Petitioner contends that it is precisely because the IJ gave so much weight to the Form I-213 that his determination of flight risk was erroneous. In particular, Petitioner contends that the Form I-213 was insufficient to establish flight risk because it contained unsubstantiated allegations, Petitioner did not have the opportunity to cross-examine the author thereof, and it could have contained unreliable hearsay. ECF 1 at ¶ 72.

The Court disagrees. Hearsay is "admissible in administrative proceedings, which need not strictly follow conventional evidence rules." *Trias-Hernandez v. INS*, 528 F.2d 366, 369 (9th Cir. 1975). Moreover, the Ninth Circuit has squarely rejected the notion that a Form I-213 is inadmissible as hearsay. *See Espinoza v. INS*, 45 F.3d 308, 310-11 (9th Cir. 1995), *as amended on denial of reh'g* (Jan. 12, 1995). (noting that "[t]he sole test for admission of evidence [in an immigration proceeding] is whether the evidence is probative and its admission is fundamentally fair"). Indeed, "Forms I-213 are entitled to a presumption of reliability because of their general characteristics as government-prepared documents." *Hernandez v. Garland*, 52 F.4th 757, 766 (9th Cir. 2022). This presumption of reliability stands in the absence of "evidence to the contrary presented by the [non-citizen]." *Espinoza*, 45 F.3d at 310.

Here, Petitioner repeatedly disputes the accuracy and reliability of the Form I-213, but there is no indication in the record that she offered anything outside of her bare objections to challenge the allegations therein. The materials that Petitioner submitted to the IJ for the November 19, 2025, bond hearing included evidence of Petitioner's residence, employment, and ties to the community; they did not include anything that would raise questions about the reliability of the allegations in the I-213. *See generally* ECF 6-2 at 4-6. There was no basis, then, for the IJ to exclude the Form I-213 from consideration, and there is no indication that the IJ's decision

reflects any clear error. *See Johnson v. City of Pleasanton*, 982 F.2d 350, 352 (9th Cir. 1992) (the burden of establishing a basis for exclusion of evidence from a government record falls on the opponent of the evidence, who must come forward with enough negative factors to persuade the court not to admit it).

**C. The IJ did not abuse his discretion in denying bond at the *Rodriguez* hearing on April 15, 2026**

Petitioner similarly contends that the IJ's denial of bond at the April 15, 2026, *Rodriguez* hearing was erroneous because it relied on the same arguments and evidence that were offered at the initial bond hearing on November 19, 2025. For the reasons set forth above, the Court disagrees with Petitioner's contentions regarding the impropriety of the IJ's reliance on the allegations in the Form I-213.

In addition, the audio recording of the April 15, 2026, hearing confirms that the evidence proffered by Respondents therein went beyond the mere allegation that Petitioner was linked to a transnational criminal organization; Respondents represented at the hearing that Petitioner had been directly linked to this organization through financial transactions and cooperating witnesses who have since entered guilty pleas. ECF 18 (audio recording). While charges had not yet been filed against Petitioner, Respondents asserted that Petitioner was involved in a scheme that included money laundering, the use of call centers, and the issuance of fraudulent passports and other identity documents. *Id.*

Again, Petitioner's counsel objected to the admission of the Form I-213 at the hearing, but only on the bases of hearsay and lack of corroboration. As set forth above, however, Forms I-213 are presumed to be reliable, and constitute admissible hearsay. There is no indication in the record that Petitioner advanced any negative factors specific to Petitioner's case that would have indicated that the Form I-213 was uniquely unreliable.

Accordingly, the IJ's decision to deny bond at the *Rodriguez* hearing likewise did not reflect clear legal error, and was not unsupported by sufficient evidence,

even when considered under a clear and convincing standard.

**III. Conclusion**

For the reasons set forth above, the Petition is denied. Judgment shall be entered accordingly.

DATED: August 19, 2026

HON. DIANA M. KWOK
UNITED STATES MAGISTRATE JUDGE